DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants Frank Tarquinio ("Mr. Tarquinio") and Factory Direct Cabinets ("Factory Direct") (collectively "Appellants") appeal from the trial court's denial of summary judgment in favor of Appellees Equity Trust Company ("Equity") and Mid-Ohio Securities Corporation ("Mid-Ohio") (collectively "Appellees") and from the trial court's denial of their motion for reconsideration in the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} On November 7, 2003, Mr. Tarquinio brought an action against Equity Trust for breach of fiduciary duty, intentional misrepresentation, breach of contract, tortious breach of contract, negligence, and negligent misrepresentation. *Page 2 
On June 3, 2004, Mr. Tarquinio amended his complaint to add Factory Direct as a plaintiff and Mid-Ohio as a defendant and to assert a claim for punitive damages. Mid-Ohio counterclaimed against both Mr. Tarquinio and Factory Direct asserting abuse of process and indemnification claims.
 {¶ 3} On October 29, 2004, Mid-Ohio moved for summary judgment arguing that: (1) Factory Direct and Equity are not proper parties to the litigation; (2) plaintiffs' claims for breach of fiduciary duty, intentional and negligent misrepresentation, negligence, and tortuous breach of contract are barred by the contract between Mr. Tarquinio and Mid-Ohio; (3) Mr. Tarquinio cannot maintain a claim for breach of contract; (4) Mr. Tarquinio's claim for punitive damages has no basis in law or fact; (5) defendants are entitled to indemnification; and (6) plaintiffs' conduct constitutes an abuse of discretion. Appellants filed a brief in opposition; Appellees filed a reply brief and Appellants filed a surreply brief. On March 21, 2005, in a single page judgment entry, the trial court granted summary judgment in favor of Appellees on all of Appellants' claims, but denied Appellees' summary judgment motion relative to their counterclaims.
 {¶ 4} On August 15, 2005, Appellants moved for reconsideration of the summary judgment decision and Appellees filed a brief in opposition. On September 19, 2005, the trial court denied Appellants' motion for reconsideration. *Page 3 
 {¶ 5} On March 13 — 14, 2005, Appellees' counterclaims were tried to the bench and judgment was rendered in favor of Appellants on both of Appellees' claims.
 {¶ 6} Appellants timely appealed the trial court's grant of summary judgment and denial of their motion for summary judgment asserting two assignments of error.
 Assignment of Error I "The trial court erred when it granted summary judgment for Mid-Ohio Securities and Equity Trust Company ("Mid-Ohio") because: (1) Mid-Ohio owes a duty to Mr. Tarquinio separate from its contractual duty; (2) Mr. Tarquinio's claims are not barred by Mid-Ohio's IRA contracts; and (3) Factory Direct and Equity Trust are proper parties."
 {¶ 7} Appellants assert that the trial court improperly granted summary judgment in favor of Appellees by finding that (1) Appellees owed no duty to Appellants independent of the Contract and Addendum (as hereinafter defined); (2) Appellees did not breach the Contract and/or Appellants disclaimed their right to bring suit; and (3) Factory Direct and Equity are proper parties.
 {¶ 8} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am. Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law or reasonable *Page 4 
minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 367.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of any genuine issue of material fact as to the essential elements of the nonmoving party's claims or defenses. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. Any doubt is to be resolved in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
A. Tort Claims
 {¶ 10} In their motion for summary judgment Appellees contended that there was no genuine issue of material fact to allow Appellants' claims for breach of fiduciary duty, intentional and negligent misrepresentation, negligence and tortious breach of contract to remain given the written contract between Mid-Ohio and Mr. Tarquinio governing the conduct at issue as no duty, independent of the contract, arose between the parties. *Page 5 
 {¶ 11} "A tort claim based upon the same actions [as] those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." Telxon Corp. v. Smart Media of Delaware,Inc., 9th Dist. Nos. 22098, 22099, 2005-Ohio-4931, at ¶ 34, quoting Textron Financial Corp. v. Nationwide Mut. Ins. Co.
(1996), 115 Ohio App.3d 137, 151. "To hold otherwise would be to convert every unfulfilled contractual promise, i.e., every alleged breach of a contract, into a tort claim." Telxon at ¶ 34. Appellees assert that no such independent duty exists.
 {¶ 12} Here, it is undisputed that on May 23, 2000, and August 16, 2000, Mr. Tarquinio and Mid-Ohio executed a document entitled "IRA Application," which document contained several pages of terms and conditions (the "Contract"). It is also undisputed that on August 16, 2000, Mr. Tarquinio and Richard Desich, as custodian and on behalf of Mid-Ohio, signed an addendum to the Contract entitled "Direction of Investment" (the "Addendum"). Finally, it is undisputed that on October 31, 2000, and November 2, 2000, Mr. Tarquinio and Mr. Desich, on behalf of Mid-Ohio, respectively, signed the Direction of Investment form at issue in this case, specifically directing $66,294.00 to Private Mortgage Investment Services ("PMIS") (the "Direction of Investment form"). Appellants assert that because Appellees transferred the requested funds to PMSI before obtaining documents in support of the PMSI investment, they caused him to incur *Page 6 
damages stemming from PMSI's refusal to transfer the notes and mortgages and its subsequent bankruptcy. Mr. Tarquinio acknowledges he has recouped $81,686 from a $66,294 investment.
 {¶ 13} Appellants assert that Appellees have a duty to them independent of the Contract, the Addendum and the Direction of Investment form. The first duty Appellants assert is a common law duty to perform the contract with care, skill, reasonable expedience and faithfulness citing the case of Hunsicker v. Buckeye Union Cas. Co.
(1953), 95 Ohio App.241. We disagree.
 {¶ 14} We first note that while such a duty does exist in Ohio law, it describes how a party is to perform its contractual obligations, i.e., it does not establish a duty independent of the contract. Sekerak v.National City Bank (N.D.Ohio 2004), 342 F.Supp.2d 701, 714. Moreover, the Court notes that the relationship between the parties inHunsicker was insurer and insured. Here, the relationship between Appellants and Appellees was a standard business relationship created by contract. All parties stood on equal footing when they executed the arm's-length agreement for financial services. The disparities in bargaining power found during negotiation of a typical insurance contract are not present in this case, and consequently the public policies promoted by the holdings of the Hunsicker court could not possibly be furthered under the facts of this case.
 {¶ 15} Next, Appellants assert that Appellees owe an independent duty to them by way of the fact that they are bailees and/or agents. Appellees assert that *Page 7 
the custodian of a self-directed IRA is not a bailee. Neither party has cited any authority for their respective positions. Moreover, Appellants have failed to assert any basis for a bailor/bailee relationship beyond the contract so as to create an independent duty. Absent any authority for the proposition that a custodian of a self-directed IRA is a bailee so as to create a duty independent of the parties' contractual duties, we find no such duty exists.
 {¶ 16} Finally, Appellants assert that Appellees' conduct breached a fiduciary duty owed to them by an IRA custodian. Once again, Appellants have cited no authority for the proposition that the custodian of funds held in a self-directed IRA (or any IRA for that matter) stands in a fiduciary relationship with the investor. We find no Ohio law to support that position except where the fiduciary relationship is established by contract or statute. Appellants have not cited any statutory authority for a fiduciary relationship under the facts of this case and the terms of the Contract or the Addendum do not create one. We hold there is not a fiduciary relationship and, hence, no fiduciary duty between the Appellants and Appellees.
B. Breach of Contract
 {¶ 17} Appellants assert that the flyers and statements of Mid-Ohio modified the Contract and Addendum to prohibit Mid-Ohio from distributing any of Mr. Tarquinio's funds absent proper documentation. Because Mid-Ohio *Page 8 
transferred funds to PMSI without the required documentation, Mr. Tarquinio asserts that Mid-Ohio breached its contract.
 {¶ 18} Appellees assert that there is no genuine issue of material fact that Mid-Ohio complied with the Contract, Addendum and Direction of Investment Form (collectively the "Agreement"). It distributed Mr. Tarquinio's funds to PMSI exactly as directed by Mr. Tarquinio and in accordance with the Agreement.
 {¶ 19} First, Appellants did not raise the issue of contract modification before the trial court in either their brief in opposition to Appellees' motion for summary judgment or the surreply, except relative to the disclaimer provision, which will be addressed below. An issue that could have been raised in the trial court, but was not, cannot be considered for the first time on appeal and is waived. SeeSekora v. General Motors Corp. (1989), 61 Ohio App.3d 105, 112. We, therefore, hold that Appellants have waived their right to argue that the Agreement was modified by flyers or advertisements of statements of Mid-Ohio that it would not transfer funds absent the required documentation.
 {¶ 20} Appellants have not asserted that Mid-Ohio breached its contractual duties otherwise. Therefore, as it is undisputed that Mid-Ohio transferred $66,294.00 at Mr. Tarquinio's direction and pursuant to the Agreement, we hold that the trial court properly found no genuine issue of material fact relative to Mid-Ohio's breach of that Agreement.
 C. Disclaimer *Page 9 
 {¶ 21} Mr. Tarquinio argues that the disclaimer provisions set forth in the Agreement are void as against public policy because they seek to completely release Mid-Ohio from any and all liability. Moreover, Mr. Tarquinio argues that there is no disclaimer provision that would indemnify Mid-Ohio for failing to obtain the required documentation prior to transferring Mr. Tarquinio's funds to PMSI. Appellees assert that the disclaimer provisions only apply where Mid-Ohio exercises good faith in complying with the terms of the Agreement and that there is no genuine issue of material fact that Appellant waived his right to make any claim against Mid-Ohio where Mid-Ohio complied with the Agreement and followed Mr. Tarquinio's specific directions to transfer funds to PMSI.
 {¶ 22} There are two disclaimer provisions at issue. The first is set forth in the Contract and states:
 "11.1 Hold Harmless and Release. You agree to hold us harmless, to indemnify, and to defend us against any and all claims arising from and liabilities incurred by reason of any action taken by us in good faith pursuant to this agreement. You further agree to release us from any and all claims, losses, expenses, damages, causes of action, liabilities and obligations incurred as a result of any action taken by us which is authorized under this agreement.
 "11.2 No Investment Discretion. You agree that all contributions shall be invested according to your sole discretion. * * * We shall not be responsible for any loss resulting from any failure to act because of the absence of directions from you."
 {¶ 23} The second is set forth in the Addendum and states:
 "In making any Directions of Investment or any changes to Direction of Investment, the undersigned absolves and indemnifies Custodian from any and all liability or responsibility for any loss *Page 10 
resulting to the IRA, the undersigned or to any beneficiary in connection with or by reason of any sale or investment made or other action taken (or omitted to be taken) pursuant to and/or in connection with the above Direction.
 * * *
 "The undersigned acknowledges that he or she has read and understands this Direction of Investment Addendum. * * * The undersigned further acknowledges that the above information will apply to all Directions of Investments submitted to the Custodian for processing[.]"
 {¶ 24} Finally, the Direction of Investment Form specifically references the Addendum and states that "[t]he undersigned acknowledges that he/she has read and understands the [Addendum] and has filed proof of such with the Custodian."
 {¶ 25} Interestingly, Appellants assert that the disclaimer provisions release Appellees from liability for the owner's investment decisions but not from the procedural aspects of handling his account, i.e., Mid-Ohio's failure to obtain proper documentation prior to transferring funds. This assertion defeats Appellants' argument that the disclaimer provisions are against public policy because they completely indemnify Appellees from any and all liability. We agree with Appellants that the disclaimer provisions do not relieve Mid-Ohio from liability for improperly processing Appellants' account. However, as discussed above Appellants have waived the right to assert that the Agreement was modified by oral statements and written materials that would require Appellees to obtain any required documents prior to disbursing funds. *Page 11 
 {¶ 26} Given that the disclaimer provisions do not completely relieve Appellees of liability in the event they fail to comply with the Contract, Addendum or Direction of Investment Form, we hold that the trial court properly found no genuine issue of material fact that the disclaimer provisions were valid and enforceable.
 {¶ 27} We hold that the trial court properly granted summary judgment in favor of Appellees. Given this holding and the doctrine of res judicata, Appellants' argument that Factory Direct and Equity Trust are proper parties to the litigation is moot. Similarly moot is Appellants' argument that they are entitled to punitive damages. Appellants' first assignment of error is overruled.
 Assignment of Error II "The trial court abused its discretion when it denied Appellants' motion for reconsideration of its order granting Mid-Ohio's summary judgment motion. Summary judgment was not appropriate because: (1) with regard to the fraud claims, proof of a duty owed is not required and material issue of fact remained for the jury; and (2) Mid-Ohio's IRA contract provisions disclaiming liability for all torts and breach of contract are against public policy."
 {¶ 28} Appellants next assert that the trial court erred when it denied their motion for reconsideration of its order granting summary judgment in favor of Appellees.
 {¶ 29} In light of our disposition of Appellants' first assignment of error, we decline to address the merits of Appellants' second assignment of error. See App.R. 12(A)(1)(c); Feist v. Plesz, 9th Dist. No. 21312, 2003-Ohio-2843, at ¶ 16. *Page 12 
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
 MOORE, J. DICKINSON, J. CONCUR *Page 1