[Cite as *Heron Point Condominium Unit Owner's Assn. v. E.R. Miller, Ltd.*, 2012-Ohio-2171.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HERON POINT CONDOMINIUM UNIT
OWNER'S ASSOCIATION

    Appellant/Cross-Appellee

v.

E.R. MILLER, LTD., et al.

    Appellees/Cross-Appellants

C.A. Nos.    25861
               25863
               25998

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-02-1175

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

MOORE, Judge.

{¶1} Appellant, Heron Point Condominium Unit Owner's Association, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Appellant is the Heron Point Condominium Unit Owner's Association ("Heron Point"). Appellees E.R. Miller, Ltd. and Elton Miller were involved in the development of Heron Point Condominiums in the Village of Lakemore, Ohio. Mr. Miller owns condominium units within Heron Point, as well as nearby property within the development. Appellees Wendell Sommers and Erika Jennings own condominium units in Heron Point as well. The condominiums are located near Springfield Lake. They are separated from the lake by some wetlands and a "U-shaped" canal. At some point, the canal became full of obstructions, presumably from a nearby company utilizing it as a "dumping ground" for old tires and scrap

rubber. In February 2009, Mr. Miller hired a professional dredger, Ron Grable, to perform dredging operations on the canal to clear the obstructions. Mr. Miller perceived that if the canal were opened up and cleared of obstructions, the canal would provide boat access to Springfield Lake, and the value of the nearby real estate would increase. Initially, Mr. Miller sought to obtain an easement from the association for such work. However, the dredging commenced in February 2009 prior to any approval.

{¶3} On February 11, 2009, Heron Point filed a complaint against Appellees alleging trespass, negligence, conversion and ejectment. A temporary restraining order was granted on February 11, 2009, enjoining Appellees from trespassing on, damaging, or converting the Heron Point property. On February 24, 2009, the temporary restraining order was converted to a preliminary injunction. Appellees filed an action for declaratory judgment against Heron Point on April 17, 2009 seeking to have the court declare the canal a public waterway. The cases were consolidated on November 12, 2009, and then assigned to a magistrate for resolution and disposition.

{¶4} On May 5, 2010 through May 18, 2010, a hearing was held before a magistrate. On May 24, 2010, the trial court issued a judgment entry of partial dismissal signed by the magistrate, the trial judge, and counsel for plaintiff and defendants acknowledging that the parties had settled the claim for trespass. The magistrate issued a decision on August 3, 2010. In the order, the magistrate acknowledged that damages allegedly caused by the dredging operations, including the destruction of a small footbridge, had been resolved by a binding settlement agreement entered into between the parties on the record. Thus, the sole issue remaining before the court was determination of which party could control use of the canal. The

magistrate recommended that the trial court deny Heron Point's claims for relief, and grant Appellees' request for declaratory judgment.

{¶5} On August 17, 2010, Heron Point filed objections to the magistrate's decision. On August 20, 2010, Appellees filed a motion for sanctions against Heron Point arguing that Heron Point lacked a subjective or objective basis for filing its complaint and asserting its defenses, and requested reimbursement of attorney's fees and costs. On August 27, 2010, Appellees also filed objections to the magistrate's decision arguing that they were entitled to an award of the costs of the action. Heron Point filed supplemental objections on September 28, 2010.

{¶6} On February 22, 2011, the trial court denied Appellees' motion for sanctions. Appellees filed a notice of appeal with this Court. The trial court overruled Heron Point's objections to the magistrate's decision on February 22, 2011, and adopted the decision in its entirety. On March 23, 2011, Heron Point filed a notice of appeal. This Court consolidated the appeals and, on May 13, 2011, remanded the matter to the trial court to rule on Appellees' pending objections. On June 1, 2011, the trial court sustained Appellees' objections to the magistrate's decision dividing costs equally among the parties, and awarded Appellees the costs of this action because they were the prevailing party. The court once again overruled Heron Point's objections to the magistrate's decision, and adopted the decision in its entirety.

{¶7} Heron Point timely filed a notice of appeal. It was consolidated with the above pending appeals. Heron Point raises four assignments of error for our review. On cross-appeal, Appellees raise one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE LOWER COURT ERRED IN FINDING THAT APPELLEES[] OWN THE
REAL PROPERTY BEARING PERMANENT PARCEL NUMBERS 54-02268
AND 54-02269.

{¶8}    In its first assignment of error, Heron Point contends that the trial court erred in finding that Appellees own the wetlands property adjacent to the canal bearing parcel numbers 54-02268 and 54-02269.  The record does not support this argument.

{¶9}    Heron Point argued below that the wetlands were a part of common property owned by the association.  On appeal, it reiterates this argument and further argues that Appellees' proffered tax bills and alleged interest in the property is irrelevant.  However, Heron Point's position represents a misconstruction of the trial court's findings of fact and conclusions of law.

{¶10}  Heron Point initially brought an action for trespass, negligence, conversion and ejectment.  Appellees filed a declaratory judgment action seeking to have the trial court declare that the canal is a public waterway which may be utilized by members of the public for boating purposes.  At the hearing before the magistrate, the parties indicated that a settlement agreement was entered into on the claim of trespass brought by Heron Point, and the only issue left for the court to decide was who controlled the utilization of the waterway after it was cleared of obstructions.  The trial court's order distinguished between the "U-shaped canal" and the "wetlands" area, which was the marshy island surrounded by the canal and Springfield Lake. The wetlands area bears the parcel numbers referenced in this assignment of error, 54-02268 and 54-02269.  The trial court acknowledged that Appellees had paid taxes on the wetlands area and that they "claim[ed] ownership."  However, the trial court concluded that the canal itself was

"not privately owned or otherwise subject to control or use by any of the adjoining landowners[.]" It further stated that "a person or entity cannot have or assert ownership or control the use of a public waterway, or any of its parts, such as this canal, and thereby bar its use by the general boating public." The only issue before the trial court was the determination of who could control utilization of the canal. It determined that it was not privately owned, and could not be controlled by any of the parties. There is nothing in the record to indicate that the trial court concluded that the canal was owned by Appellees. As such, this argument is without merit.

{¶11} Heron Point's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE LOWER COURT ERRED IN DENYING [HERON POINT'S] CLAIMS FOR A PRELIMINARY AND PERMANENT INJUNCTION, CONVERSION AND EJECTMENT PROHIBITING APPELLEES[] FROM CONTINUED ACCESS AND/OR USE OF THE WATERWAY.

{¶12} In its second assignment of error, Heron Point argues that the trial court erred in denying its claims for a preliminary and permanent injunction, conversion and ejectment prohibiting Appellees from continued access or use of the waterway.

{¶13} Initially we note that Heron Point and Appellees entered into a settlement agreement on the record. The magistrate acknowledged, and the parties did not dispute, that the only issue before it was who could control utilization of the canal. This matter was heard by the magistrate and on August 3, 2010, the magistrate issued its report and proposed decision. Heron Point filed objections on August 17, 2010. However, Heron Point failed to object to certain parts of the magistrate's decision which it now attempts to raise in its second assignment of error. Under Civ.R. 53(D)(3)(b)(iv)

[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶14} Civ. R. 53(D)(3)(b)(ii) requires that objections to the magistrate's decision "be specific and state with particularity all grounds for objection." Here, Heron Point's objections only addressed the magistrate's finding that it was not entitled to a permanent injunction. Thus, we limit our review to the request for a permanent injunction because it was preserved through timely objections to the magistrate's decision.

{¶15} "An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot." *Mt. Eaton Cmty. Church, Inc. v. Ladrach*, 9th Dist. No. 07CA0092, 2009-Ohio-77, ¶ 15, quoting *Garono v. State*, 37 Ohio St.3d 171, 173 (1988). The grant or denial of an injunction is within the trial court's discretion and will not be disturbed by a reviewing court absent an abuse of that discretion. *Ormsby v. Transcon. Oil & Gas, Inc.*, 9th Dist. No. 18063, 1997 WL 600619, *1 (Sept. 17, 1997), citing *Garono*, 37 Ohio St.3d at 173. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} On appeal, Heron Point essentially argues that the trial court erred in concluding that the canal was a public, navigable waterway. Instead, it argues that it is a private, non-navigable waterway, and thus Heron Point has the right to control the use.

{¶17} Initially, we note that Heron Point contends that Springfield Lake is "likely not a navigable waterway." In its proposed findings of fact and conclusions of law, Heron Point

argued that Springfield Lake was not a navigable waterway. The eighth finding of fact from the magistrate's decision concluded that Springfield Lake is a public body of water and that it is open to the boating public. The ninth finding of fact concluded that the canal was always a part of the "usable waterway system known as Springfield Lake." It also found the canal to "to be a navigable canal useable for boating purposes." Finally, the magistrate concluded that that canal was "a part of the overall Springfield Lake public waterway system which allows for recreation and use by the general public, just as Springfield Lake itself is so utilized." The fourteenth finding of fact concludes that the canal is a part of the Springfield Lake system, and that the lake is a public waterway. Heron Point confined its objection to the magistrate's finding that the canal was always a part of the useable waterway system known as Springfield Lake. It made no objection to the magistrate's findings regarding Springfield Lake. It never raised an objection regarding the magistrate's decision not to adopt its proposed finding that Springfield Lake was not a navigable waterway. Civ. R. 53(D)(3)(b)(ii) requires that objections to the magistrate's decision "be specific and state with particularity all grounds for objection." Heron Point failed to do so, and has accordingly forfeited for appellate review the argument that Springfield Lake is not a navigable waterway. *Young v. Young*, 9th Dist. No. 25640, 2011-Ohio-4489, ¶ 18.

{¶18} Next, Heron Point argues that the canal is non-navigable. It cites to *Portage County Bd. of Comms. v. Akron*, 109 Ohio St.3d 106 (2006) and *Mentor Harbor Yachting Club v. Mentor Lagoons, Inc.*, 170 Ohio St. 193, 199 (1959) to support this proposition. Heron Point confines its arguments to whether or not the canal alone constitutes navigable water. It fails to acknowledge that the canal is an extension of a public, navigable waterway, Springfield Lake. It further argues that Appellees dredged the canal beyond its original depth and width.

{¶19} The facts from *Mentor Harbor* are useful in this case. There, a channel similar to Heron Point's canal was dredged resulting in a deeper and wider waterway. The Ohio Supreme Court acknowledged that "[a] natural watercourse does not lose its character as a public watercourse because a part of its channel has been artificially created. Nor is the channel of a naturally navigable watercourse made private because of reasonable improvements put upon it." *Mentor Harbor*, 170 Ohio St. at 199. The Ohio Supreme Court concluded that the artificial extensions of the naturally navigable channel "became a part thereof and are public waters." *Id.* Here, the trial court concluded that the canal was a natural extension of Springfield Lake. It further concluded that the dredging constituted a reasonable improvement. Heron Point has failed to argue, let alone demonstrate, that such a conclusion was an abuse of discretion.

{¶20} Furthermore, in the court below, both Heron Point and Appellees presented evidence to establish whether the canal was historically a navigable body of water. Each party admitted into evidence testimony about the canal's existence prior to the impediment of debris. They also submitted photographs of the canal throughout history. The magistrate reviewed the evidence and concluded that, in the past, the canal existed as a useable waterway with an entrance at each end entering onto Springfield Lake. As the trier of fact, the magistrate was best able to view the evidence and weigh the credibility of the witnesses. *Truax v. Regal*, 9th Dist. No. 20902, 2002-Ohio-4867, ¶ 26. The trial court could properly adopt the magistrate's proposed findings of fact provided that there was competent, credible evidence to support the decision. *Chatman v. Chatman*, 9th Dist. No. 24514, 2009-Ohio-4516, ¶ 7, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 40.

{¶21} Finally, Heron Point makes various arguments regarding the riparian rights of an owner of land adjacent to a watercourse. It acknowledges that public watercourses are subject to

an easement of use by the public. *See, e.g., Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954. Nonetheless, it argues that the portion of the canal that was dredged by Appellees was located on its private land. We concluded above that Heron Point forfeited for review the issue of whether Springfield Lake was a navigable waterway. We also concluded that it was not an abuse of discretion for the trial court to determine that the canal was a natural extension of that waterway. Heron Point acknowledges that public waterways are subject to an easement of use by the public. As an extension of Springfield Lake, the public has an easement of use for the canal. Thus, Heron Point is unable to demonstrate that its ownership of the land surrounding the canal conferred upon them exclusive control of the public's use of the canal.

{¶22} Accordingly, Heron Point has failed to demonstrate that the trial court abused its discretion in failing to grant its permanent injunction. As such, its second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE LOWER COURT ERRED IN GRANTING APPELLEES[]' CLAIM FOR DECLARATORY JUDGMENT.

{¶23} In its third assignment of error, Heron Point argues that the trial court erred in granting Appellees' claim for declaratory judgment.

{¶24} However, Heron Point failed to object to this portion of the magistrate's decision. As discussed in the second assignment of error, Heron Point was required to "be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Here, Heron Point's objections did not address the magistrate's recommendation that the trial court grant Appellees' request for declaratory judgment. Thus, we are precluded from considering this argument as it was not preserved through timely objections to the magistrate's decision.

{¶25} We decline to address Heron Point's third assignment of error.

**ASSIGNMENT OF ERROR IV**

SINCE THE LOWER COURT ERRED IN GRANTING APPELLEES[]'
CLAIMS, [THEY] ARE NOT ENTITLED TO THE COSTS OF THIS ACTION.

**{¶26}** In its fourth assignment of error, Heron Point argues that because the lower court erred in granting declaratory judgment to Appellees, they are not entitled to the costs of this action.

**{¶27}** In light of our disposition of the third assignment of error, we decline to address Heron Point's fourth assignment of error. *See* App.R. 12(A)(1)(c); *Tarquino v. Equity Trust Co.*, 9th Dist. No. 06CA008913, 2007-Ohio-3305, ¶ 29.

**CROSS-APPEAL ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT ATTORNEY'S
FEES PURSUANT TO OHIO REV. CODE §2323.51 AND CIV.R. 11 WHERE
HERON POINT PURSUED A CLAIM THAT WAS NEITHER SUPPORTED
BY THE FACTS OR LAW OR A GOOD FAITH ARGUMENT FOR
MODIFICATION OR EXTENSION OF THE LAW.

**{¶28}** In its sole assignment of error on cross-appeal, Appellees argue that the trial court erred when it failed to grant attorney's fees pursuant to R.C. 2323.51 and Civ.R. 11 because Heron Point pursued a claim that was neither supported by the facts or law, nor a good faith argument for modification or extension of the law. We do not agree.

**{¶29}** The decision to grant or deny attorneys' fees pursuant to R.C. 2323.51 lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, ¶ 11. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶30}** R.C. 2323.51(B)(1) permits a party to litigation to seek recovery of attorney fees incurred due to the frivolous conduct of the opposing party. "Conduct" refers to

> [t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action.

R.C. 2323.51(A)(1)(a).

**{¶31}** R.C. 2323.51(A)(2)(a) provides that damages for frivolous conduct may be awarded under any of the following conditions, and the statute defines frivolous conduct as any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶32}** We have stated that the following two-step analysis applies to claims made pursuant to R.C. 2323.51: "(1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992).

**{¶33}** Appellees also contend that they are entitled to sanctions based upon Civ.R. 11 which permits a court to award attorney fees in the event that a pleading or motion is filed in contravention of the rule. Civ.R. 11 requires an attorney to sign all pleadings and further

provides that the signature constitutes a warrant that there is good ground for the action. "This court has determined that before a court imposes sanctions under Civ.R. 11, it must consider whether the attorney who signed the document (1) read it; (2) harbored good grounds to support it to the best of his or her knowledge, information, and belief; and (3) did not file it for the purpose of delay." *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 235 (9th Dist.1995), citing *Ceol v. Zion Indus., Inc*., 81 Ohio App.3d 286, 290 (9th Dist.1992). If the rule is willfully violated, sanctions are appropriate. The purpose of Civ.R. 11 is to deter pleading and motion abuses and to assure the court that the pleading or motion was filed in good faith and with sufficient grounds to support it. *Stevens v. Kiraly*, 24 Ohio App.3d 211, 213 (9th Dist.1985).

{¶34} Appellees argue that Heron Point's claims were frivolous because Ohio riparian law is clear that there is an easement for navigation in favor of the public in every navigable body of water. *See Pollock v. Cleveland Shipbuilding Co*, 56 Ohio St. 655 (1897). They further argue that Heron Point could not show that it had been materially and substantially damaged by Appellees' actions. Finally, they argue that no evidence could have established the Appellees were entitled to a permanent injunction. Heron Point points out that the law of navigable waterways in Ohio is constantly evolving. It contends that good faith arguments existed as to whether the canal was navigable, whether the waterway had historically existed, and whether Appellees had unreasonably modified the existing waterway. Had the court determined that it was not a public, navigable waterway, then it would not be subject to a public easement. Based on our review of the record, we cannot conclude that the trial court abused its discretion in ultimately denying Appellees' attorney fees based on R.C. 2323.51.

{¶35} Finally, Appellees argue that they are entitled to sanctions under Civ.R. 11 based upon the "adjectives and adverbs employed by the Trial Court" to describe Heron Point's claims.

For example, the magistrate's decision states that Heron Point's "position about re-filling the canal is totally irreconcilable with the argument it makes in the alternative, which is that the waterway should be maintained in its improved and opened-up configuration, vastly improved for boating purposes but solely controlled by [Heron Point.]" It also states that declaring Heron Point's right to exclusive control over the canal, not to be used for public use, would be "totally inconsistent and irreconcilable with existing Ohio Law." It further finds that Heron Point "has absolutely failed to demonstrate an entitlement to a permanent injunction * * *." Finally, the magistrate's decision notes that both Heron Point's first filings and final filing "failed to provide any credible legal basis or factual evidence" to establish that the canal is not a public, navigable waterway, and should be controlled solely by Heron Point.

{¶36} Under Civ.R. 11, Appellees must demonstrate a "willful violation" by an attorney or a pro se party. "A willful violation involves a party who has willfully signed a pleading which, to the best of his knowledge, information and belief, was not supported by good ground." *Ponder v. Kamienski*, 9th Dist. No. 23270, 2007-Ohio-5035, ¶ 36, quoting *Nationsrent v. Michael Constr. Co.*, 9th Dist. No. 20755, 2002 WL 462866, *2 (Mar. 27, 2002). By merely pointing to language in the trial court's order, we conclude that Appellees have failed to demonstrate a "willful violation" of the rule by an attorney or an abuse of discretion in the trial court's decision to deny sanctions under Civ.R. 11. As such, this argument is without merit.

{¶37} Because we conclude that the trial court did not abuse its discretion in denying the motion for sanctions, Appellees' assignment of error on cross-appeal is overruled.

III.

**{¶38}** Heron Point's first and second assignments of error are overruled. We decline to address its third and fourth assignments of error. Appellees' assignment of error on cross-appeal is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ROBERT E. KMIECIK and KEVIN M. FIELDS, Attorneys at Law, for Appellant/Cross-Appellee.

STEPHEN P. GRIFFIN and MICHAEL J. KAHLENBERG, Attorneys at Law, for Appellees/Cross-Appellants.