[Cite as *Zeerco L.L.C. v. Zayed*, 2020-Ohio-4347.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| ZEERCO, LLC | C.A. No.     19CA011589 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| ELIAN ZAYED | |
|     Appellant | CASE No.     2016CVE02832 |

DECISION AND JOURNAL ENTRY

Dated: September 8, 2020

CARR, Judge.

{¶1} Appellant, Elian Zayed, appeals the judgment of the Elyria Municipal Court. This Court affirms.

I.

{¶2} This matter arises out of two failed lease agreements involving rental units in Elyria, Ohio. In April 2016, Zayed entered into separate leases with Zeerco, LLC ("Zeerco"), involving two commercial units in a building located on North Ridge Road. Both leases had an effective date of April 1, 2016, and ended on December 31, 2018. Shortly after entering into the lease agreements, Zayed arrived at the premises to find several inches of standing water in one of the rental units due to recent rains. Zayed also found signs of water seepage into the second rental unit. Zayed contacted a plumber to get an estimate on addressing the issue. The plumber indicated that a drain tile and the parking lot would need to be replaced. Zayed found that the cost of such

repairs was unreasonable for a rental unit. Zeerco disputed that such significant repairs were necessary to address the issue.

{¶3} When Zayed and Zeerco could not reach an agreement on how to correct the drainage problem, Zayed approached Zeerco about purchasing the building. The parties signed an amended lease agreement that granted Zayed the right to purchase the building for a cash payment of $85,000 by December 31, 2016. The amended lease provided that the terms of the prior lease agreements would remain in place if Zayed did not go forward with the purchase. Upon receiving several professional consultations and learning the price that Zeerco had paid to acquire the property, Zayed became dissatisfied with the terms of the amendment and attempted to renegotiate the terms of the purchase option. Zeerco declined to renegotiate. At that time, Zayed returned possession of the property to Zeerco.

{¶4} Zeerco filed a complaint alleging that Zayed had breached the terms of the lease agreements by failing to make the required rent payments. Zeerco further alleged that Zayed significantly damaged the rental units prior to returning possession. Zeerco sought damages up to the jurisdiction limit of $15,000. Zayed filed an answer generally denying the claims and asserting a number of defenses. Zayed also filed a counterclaim alleging abuse of process. Zeerco denied the allegations in the counterclaim. The matter proceeded to trial before a magistrate. On March 1, 2018, the magistrate issued a decision awarding Zeerco $15,000 in damages, plus interest. Zayed filed a timely objection to the magistrate's decision, arguing that the magistrate failed to consider R.C. 5301.11 in rendering its decision. The trial court issued a journal entry overruling Zayed's objection and adopting the magistrate's decision.

{¶5} This Court dismissed Zayed's initial appeal on the basis that his counterclaim was still pending before the trial court. After voluntarily dismissing the counterclaim, Zayed filed a second notice of appeal. Now before this Court, Zayed raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS INTERPRETATION OF [R.C.] 5301.11, AND ITS APPLICATION TO THE FACTS PRESENTED IN THIS CASE.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S FINDING THAT 2 AND 4 INCHES OF STANDING WATER, INSIDE THE PREMISES TO BE LEASED, DID NOT MAKE THE PREMISES UNFIT TO OCCUPY WAS AN ABUSE OF DISCRETION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DETERMINATION THAT THE APPELLANT'S ATTEMPT TO NEGOTIATE A PURCHASE OF THE PROPETY, "BELIES HIS CLAIM THAT THE PROPERTY WAS 'UNFIT FOR OCCUPANCY'" WAS AN ABUSE OF DISCRETION.

{¶6} In his first assignment of error, Zayed contends that the trial court erred in its interpretation of R.C. 5301.11 and its application to the facts presented in this case. In his second and third assignments of error, Zayed maintains that several of the trial court's findings constituted an abuse of discretion.

{¶7} This Court generally reviews a trial court's action in regard to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. When the issue presented for appellate review presents purely a question of law, this Court employs a de novo standard of review. *Lucas v. Ford Motor Co.*, 9th Dist. Summit No. 28622, 2018-Ohio-3765, ¶ 16.

{¶8} After the trial in this matter, the magistrate issued a decision finding in favor of Zeerco on its complaint. In reaching its decision, the magistrate noted that both leases contained clauses specifying that Zayed would be responsible for "all the work that the premises needs * * * [and] all repairs to the building." (Emphasis omitted.) The magistrate rejected several defenses offered by Zayed as to why he was not required to make the rent payments. Regarding the drainage issues, the magistrate found it significant that the amendment to the leases, which gave Zayed an option to buy the property, specifically stated that the original lease agreements would remain in place if the sale did not go forward. The magistrate stressed that by signing the amendment, Zayed effectively ratified the prior leases despite having an appreciation for the drainage issues. With respect to damages, the magistrate determined that Zayed owed back rent pursuant to both lease agreements. The magistrate further found that Zayed was in the midst of a drastic remodeling of the rental units at the time he returned possession, resulting in $12,600 in damages. Acknowledging the monetary limits of the municipal court's jurisdiction, the magistrate ordered a total of $15,000 in damages, plus interest.

{¶9} Zayed filed a timely objection to the magistrate's decision. The sole objection raised by Zayed was that the trial court failed to consider R.C. 5301.11, a statute that relieves a tenant of the responsibility to pay rent under certain circumstances. Zayed maintained that the trial court's failure to consider R.C. 5301.11 resulted in an erroneous finding of liability.

{¶10} On June 1, 2019, the trial court issued a journal entry overruling Zayed's objection and adopting the magistrate's decision. With respect to the application of R.C. 5301.11, the trial court determined that the statute was only applicable under circumstances where a property was destroyed, or nearly destroyed, due to an unexpected or unusual event. In concluding that the statute was not applicable in this case, the trial court observed that "the presence of between two

and four inches of standing water would hardly rise to this standard in the absence of evidence demonstrating that it could not be remedied." The trial court further noted that instead of immediately surrendering possession of the property pursuant to the statute, Zayed sought to purchase the property from Zeerco. The trial court found Zayed's attempt to purchase the property "belie[d] his claim that the property was 'unfit for occupancy.'"

{¶11} The crux of Zayed's argument on appeal is that the trial court erred in concluding that R.C. 5301.11 did not apply to the facts of this case. R.C. 5301.11 states as follows:

> The lessee of a building which, without fault or neglect on his part, is destroyed or so injured as to be unfit for occupancy, is not liable to pay rent to the lessor or owner thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant. The lessee thereupon must surrender possession of such premises.

{¶12} This Court has generally recognized that "R.C. 5301.11 was enacted to relieve a lessee from such continuing obligation to pay rent on premises which are not habitable." *Capp v. The Dorrell Trust*, 9th Dist. Lorain No. 3362, 1982 WL 2825, *2 (Nov. 10, 1982). In *Hilliard v. The New York & Cleveland Gas Coal Co.,* 41 Ohio St. 662, 668-669 (1885), the Supreme Court of Ohio examined a predecessor statute to R.C. 5301.11, former R.S. 4113. Former R.S. 4113 marked a departure from the common law rule that a tenant was liable for rent even when unforeseen destruction occurred. *Id*. In *Hillard*, the Supreme Court concluded that a tenant was relieved of the duty to pay rent under the statute when "an expected and unusual action of the elements or of human forces" occurs and results in "a total destruction of the demised premises or an injury thereto only short of a total destruction[.]" *Hilliard* at 669. The Supreme Court stressed that the statute did not apply to "gradual decay" that resulted from "the ordinary action of the elements * * * [or] the ordinary action of human agencies[.]" *Id*. A building is that is rendered merely less desirable for business purposes is not considered "unfit for occupancy" for the

purposes of seeking relief from the obligation to pay rent. *See Grau v. Longworth*, 21 Ohio C.D. 174, 1909 WL 1142 (Jan. 23, 1909).

{¶13} Here, the trial court properly concluded that R.C. 5301.11 is not applicable under these circumstances. Both leases at issue in this case contained provisions stipulating that Zayed would be responsible for any repairs needed on the premises. Shortly after entering into the lease agreements, Zayed arrived at the premises and found 2 to 4 inches of water in one rental unit and water seepage in the second rental unit. Significantly, Zayed did not return possession of the property after learning of the drainage issues and instead contacted a plumber to get an estimate on remedying the problem. When Zayed found the cost of correcting the drainage issue to be prohibitive for a rental situation, he negotiated an option to purchase the building. Zayed also moved forward with his plans for remodeling. It was only after he unsuccessfully attempted to renegotiate the purchase option that he returned possession of the rental units. Even assuming arguendo that R.C. 5301.11 would be applicable under circumstances where an unexpected or unforeseen event rendered both units untenantable for the intended purpose of the leases, such circumstances did not occur in this case. The drainage issues here were not so significant as to render the units unfit for occupancy. Furthermore, there was no dispute that the issues could be remedied, although the parties could not agree on the cost of doing so. As this case does not involve a scenario where the two rental units were "destroyed or so injured as to be unfit for occupancy," the trial court did not err in concluding that R.C. 5301.11 was not applicable. R.C. 5301.11.

{¶14} To the extent that Zayed contends in his second and third assignments of error that the trial court's conclusion was predicated on erroneous factual findings, this Court is mindful that Civ.R. 53(D)(3)(b)(ii) requires a party filing objections to a magistrate's decision to "be specific

and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." In resolving Zeerco's claim that Zayed failed to make the required payments pursuant to the leases, the magistrate made specific findings regarding the extent of the water issues in the rental units as well as Zayed's attempt to purchase the property. Zayed's sole objection to the magistrate's decision was legal in nature, namely that the magistrate failed to consider R.C. 5301.11. As Zayed did not object to the factual findings below, this Court is precluded from addressing any challenges to said findings on appeal. *See generally Heron Point Condominium Unit Owner's Assoc. v. E.R. Miller, LTD*, 9th Dist. Summit Nos 25861, 25863, 25998, 2012-Ohio-2171, ¶ 24.

{¶15} Zayed's first, second, and third assignments of error are overruled.

III.

{¶16} Zayed's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAVID A. FREEBURG, Attorney at Law, for Appellant.

NATE N. MALEK, Attorney at Law, for Appellee.