Turner, J.
 

 The first question for decision is the right of appellant to appeal from a part only of a judgment in her favor. We hold that appellant, by .accepting the amount found due by the trial court, with a reservation of the right to appeal in respect of the balance claimed, did not thereby waive her right to appeal with respect to the question of the proper amount of interest due her.
 
 Beals
 
 v.
 
 Lewis,
 
 43 Ohio St., 220, 1 N. E., 641.
 

 We come, then, to the question of whether appellant was entitled to interest at the rate of six per cent per annum as claimed. Unless there was no reasonable ground for the withholding of payment until such time •as payment was ordered by a court of competent jurisdiction, we do not see any reason for the liability of appellee for more than the interest fixed by the directors ■on the deposits pursuant to law and the constitution, by-laws, rules and regulations of appellee. In other words, no rate of interest other than that fixed by a building and loan association’s board of directors pursuant to law may be recovered from a building and loan association in the absence of a breach by the association of the contract of deposit.
 

 The record discloses that others than appellant were
 
 *126
 
 claiming the money in these deposit accounts. - Had' appellee chosen to take advantage of interpleader under Section 11265, General Code, it would not liavebeen liable for any interest thereafter accruing. Not. having done this, it remained liable for interest under its contract until such time as the contract was terminated.
 

 A short answer to this case would be that the trial-court did not find that there was any wrongful refusal of the appellee to pay upon a proper demand. But we may examine the evidence, not to weigh it but to-determine whether the trial court abused its discretion in not making such a finding. Both appellant and appellee claim the existence of a contract,
 
 i. e.,
 
 that the-money was deposited in pursuance of a contract, and. appellant admits that she is entitled under the contract only to such interest as was declared by appellee’sboard of directors. However, appellant claims that the contract was breached when the claimed demand of June 26,1939, was not honoi’ed. The trial court did not find that there was any wrongful refusal to pay the money upon demand. This was a factual question to be determined by the trial court and there is evidence-in the record justifying the failure to make such a. finding.
 

 In cause No. 152118, wherein the title to the funds had been settled as between appellant and Anna E„ LaRocque, there was no order that appellee should deliver the fund to anyone. In fact, there was no order of any kind made against appellee.
 

 While the demand made following the journalized order in cause No. 152118 could hardly be deemed a proper demand under the circumstances, appellee’s secretary admitted that if a proper demand had been made, it would not have been honored due to the ad-rice of appellee’s attorney.
 

 A letter to appellee from its attorney was introduced,,
 
 *127
 
 advising appellee of an injunction by the Probate Court whereby appellee was enjoined from paying out of the accounts in question until further order of the court •and appellee’s secretary testified that in the contest of Susan Corbett’s will appellee “received notice enjoining us from paying.” Testimony was also offered showing that the persons whom appellee had attempted to make parties had in their possession the two passbooks in question.
 

 Counsel for both sides stipulated that there was pending in the Court of Common Pleas of Lucas county cause No. 155482, entitled “Mary E. Carabin, as Executrix of the Estate of Prank A. Carabin, Mary E. Carabin, also known as Mary E. Gillen, Clarence A. Irwin, Edward II. Ray v. Anna E. LaRocque, Mary E. •Staunton, as Executrix of the Estate of Susan A. Corbett, deceased, J. Alyward LaRocque, The Home Building & Savings Company.” Counsel for appellant made the reservation that he would not admit the relevancy of such case and assorted that it was immaterial and irrelevant to the issues in the install! ease.
 

 It was also stipulated between counsel that a petition introduced was the one filed in causo No. 155482, Court of Common Pleas of Lucas county, entitled “Mary E. Carabin, Executrix of the Estate of Prank A. Carabin, ■deceased v. The Home Building & Savings Company. ’ ’ However, the trial court sustained appellant’s objection to the introduction of that petition.
 

 Upon the death of Susan A. Corbett, the funds were transferred to the savings and passbook accounts Nos. ■34170 and 34246 then standing in the name of Anna E. LaRocque. The funds had been regularly deposited in a building and loan association. According to law, the joint and survivorship account had been transferred to Anna E. LaRocque. Sections 710-120 and 3652, General Code. Interest had been credited to the
 
 *128
 
 accounts in pursuance of Section 9673, General Code. We see no reason to discuss any other statutory provisions in respect of interest.
 

 As we find no prejudicial error in the record of this-case in either the trial court or the Court of Appeals,, the judgment of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias and Zimmerman, JJ.,. concur.
 

 Williams and Hart, JJ., concur in the syllabus but dissent from the judgment.
 

 Bettman, J., not participating.