[Cite as *State v. Smith*, 2020-Ohio-474.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

STATE OF OHIO

    Appellee

v.

EDDIE LEE SMITH

    Appellant

C.A. Nos.    29357
                 29367

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR 15 09 2837
               CR 15 12 3774

DECISION AND JOURNAL ENTRY

Dated: February 12, 2020

HENSAL, Presiding Judge.

{¶1}  Eddie Lee Smith appeals an order of the Summit County Court of Common Pleas that denied his motion to withdraw plea.  For the following reasons, this Court affirms.

I.

{¶2}  In 2016, Mr. Smith pleaded guilty to counts of robbery and having a weapon under disability in one case and a count of obstruction of justice in a separate case.  At sentencing, the trial court told Mr. Smith that it was sentencing him to 36 months imprisonment in the first case and 12 months imprisonment in the second case but that it was going to reserve those sentences and place him on community control for a period of 24 months.  In its sentencing entry, the court wrote in both cases that it was sentencing Mr. Smith to 24 months of community control but indicated that, if Mr. Smith violated the conditions of community control, it could impose the reserve sentences of 36 and 12 months respectively.

{¶3} Following the sentencing hearing, Mr. Smith moved to withdraw his guilty plea, which the trial court denied. A few months later, the trial court found that Mr. Smith committed a community control violation, and it imposed the prison sentences that it had reserved.

{¶4} In March 2017 and May 2017, Mr. Smith filed motions to vacate void judgment. In November 2017 and January 2019, he filed motions for resentencing. The trial court did not grant any of those motions. In February 2019, Mr. Smith filed another motion to withdraw his guilty plea. The trial court denied his motion, and Mr. Smith has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSE[D] ITS DISCRETION AND ERRED IN VIOLATION OF SMITH'S DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION WHEN IT APPLIED THE WRONG STANDARD IN DENYING APPELLANT'S APPLICATION TO WITHDRAW GUILTY PLEAS.

{¶5} Mr. Smith argues that the trial court incorrectly used the standard for a post-sentence motion to withdraw his guilty plea when it reviewed his motion. According to Mr. Smith, because the trial court's sentence is void, the trial court should have applied the standard for a pre-sentence motion under Criminal Rule 32.1.

{¶6} "To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice." *Princess Kim, LLC v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18. The trial court denied Mr. Smith's motion for two independent reasons. First, it reviewed the record, including the transcript of the colloquy between Mr. Smith and the court at the time that Mr. Smith entered his plea, and determined that Ms. Smith was not entitled to withdraw his plea. Second, it determined that Mr. Smith's arguments were barred by the

doctrine of res judicata because Mr. Smith had filed previous motions to withdraw his guilty plea.

{¶7} "When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis." *Schutte v. Summit County Sheriff's Office*, 9th Dist. Summit No. 28856, 2018-Ohio-2565, ¶ 21. In his brief, Mr. Smith has not challenged the trial court's determination that his arguments were barred under the doctrine of res judicata. Accordingly, even if the trial court should have treated Mr. Smith's motion to withdraw his guilty plea as a pre-sentence motion when it reviewed the merits of the motion, Mr. Smith has not demonstrated that the denial of his motion to withdraw his guilty plea was incorrect. *Id.* Mr. Smith's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT LITIGATED IN MATTERS OF WHICH SUBJECT-MATTER JURISDICTION WAS NOT ESTABLISHED AND WHICH VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITU[TIONS.]

{¶8} Mr. Smith next argues that it was incorrect for the trial court to accept his guilty plea because the charges he pleaded guilty to were not lesser-included offenses of the charges indicted by the Grand Jury. He also argues that he never knowingly, intelligently, and voluntarily waived his constitutional right to a grand jury indictment. According to Mr. Smith, the trial court, therefore, did not have jurisdiction to accept his plea and find him guilty of the offenses. He further argues that the counts were not properly amended and that the trial court did not adequately explain the elements of the new offenses to him before accepting his plea.

{¶9} As previously noted, one of the reasons that the trial court denied Mr. Smith's motion to withdraw his plea is because his arguments were barred under the doctrine of res

judicata. Mr. Smith has not challenged that determination in his appellate brief. This Court, therefore, must uphold the trial court's decision. *Id*. Mr. Smith's second assignment of error is overruled.

## III.

**{¶10}** Mr. Smith's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

EDDIE LEE SMITH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.