[Cite as *Sweeney v. Myers*, 2021-Ohio-4206.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SHIANNE SWEENEY

    Appellant

    v.

WILLIAM E. MYERS, et al.

    Appellees

C.A. No.     29837

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-02-0553

DECISION AND JOURNAL ENTRY

Dated: December 1, 2021

CARR, Judge

{¶1}    Plaintiff-Appellant Shianne Sweeney appeals the judgment of the Summit County Court of Common Pleas dismissing her complaint. This Court affirms.

I.

{¶2}    In February 2020, Ms. Sweeney filed a complaint for malicious prosecution alleging that Defendants-Appellees William E. Myers, Sean C. Hamilton, Kenneth A. Davis, individually, and in the course and scope of their employment with Defendant-Appellee Missing Falls Brewery, LLC (collectively "the Defendants"), caused a complaint to be filed in Akron Municipal Court charging Ms. Sweeney with theft. Ms. Sweeney alleged that the information contained in an accompanying exhibit, which was not attached, was untrue, and that the actions of the Defendants "were willful, malicious, and designed to damage and embarrass [Ms. Sweeney]." Ms. Sweeney asserted that the conduct of the Defendants constituted malicious prosecution, intentional infliction of emotional distress, libel, and slander.

{¶3}    Ultimately, Ms. Sweeney was granted leave to amend her complaint in order to include the omitted exhibits. Exhibit A is a copy of the complaint. The complainant appears to be an Akron Police Officer. Therein, it is alleged that Ms. Sweeney committed theft. Exhibit B is a filing indicating that the theft charge was dismissed.

{¶4}    In July 2020, the Defendants filed a motion to dismiss asserting that the alleged statements to the police were subject to absolute privilege. Ms. Sweeney opposed the motion, and the Defendants filed a reply in support of it. In August 2020, the trial court found in favor of the Defendants and dismissed the action. In so doing, the trial court concluded that Ms. Sweeney's Exhibit A demonstrated that probable cause existed for the criminal charge to be filed and, in addition, that the Defendants had an absolute privilege to report criminal activity to the police. Therefore, the trial court determined that Ms. Sweeney failed to state a claim for malicious prosecution. The trial court then concluded that the remaining claims appeared to be based on the same facts as the malicious prosecution claim and thus Ms. Sweeney also failed to state a claim as to the remaining claims.

{¶5}    Ms. Sweeney has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED DEFENDANTS' MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6).

{¶6}    Ms. Sweeney alleges in her sole assignment of error that the trial court erred in granting the Defendants' motion to dismiss. In so doing, she limits her argument to her claim for malicious prosecution. Further, she only argues that the trial court erred in concluding absolute privilege applied. However, the trial court concluded both that absolute privilege barred Ms.

Sweeney's claim *and* that her claim failed because Ms. Sweeney's Exhibit A demonstrated that probable cause existed for the filing of the criminal charge. *See Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286, 2007-Ohio-4161, ¶ 10 ("The tort of malicious prosecution in a criminal setting requires proof of three essential elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.") (Internal quotations and citation omitted.).

{¶7} On appeal, Ms. Sweeney has not challenged the trial court's finding that her claim for malicious prosecution fails because her complaint demonstrates that probable cause supported the filing of the charge against her. As this alternate basis for dismissing her claim for malicious prosecution is not challenged on appeal, we affirm the trial court's judgment on that basis. *See State v. Smith*, 9th Dist. Summit Nos. 29537, 29367, 2020-Ohio-474, ¶ 7, quoting *Schutte v. Summit Cty. Sheriff's Office*, 9th Dist. Summit No. 28856, 2018-Ohio-2565, ¶ 21 ("When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis.").

{¶8} Ms. Sweeney's assignment of error is overruled.

### III.

{¶9} Ms. Sweeney's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JEFFREY HAWKINS, Attorney at Law, for Appellant.

THOMAS W. WRIGHT and MATTHEW P. BARINGER, Attorneys at Law, for Appellees.