[Cite as *Niederst v. Niederst*, 2024-Ohio-5297.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BRENDA NIEDERST, et al.

      Appellants/Cross-Appellees

      v.

MARK NIEDERST, et al.

      Appellees/Cross-Appellants

C.A. No.      31006

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2022-01-0050

DECISION AND JOURNAL ENTRY

Dated: November 6, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellants/Cross-Appellees, Brenda Niederst ("Sister"), Gaye Niederst, Cross Creek Apartments, LLC, Cross Creek Apartments LLC f/k/a/ Wynn Acquisitions LLC, Wynn Investments LLC, Brenda Niederst Medina, LLC, Wyatt Investment LLC, Brenda Niederst, LLC, and Cross Creek Apartments Medina, LLC (collectively, "Sister, et al."), appeal from the judgment of the Summit County Court of Common Pleas in favor of Appellees/Cross-Appellants, Mark Niederst ("Brother"), Cheryl Niederst, Niederst Portage Towers, LLC, Mark Spagnuolo, LLC, Mark Niederst Holdings, LLC, Portage Towers Holdings, LLC, and Mark Spagnuolo Medina, LLC (collectively, "Brother, et al."). This Court affirms.

I.

**{¶2}** Sister and Brother jointly owned two apartment buildings. Disagreements about the properties eventually led Brother to sue Sister. In late 2016, they engaged in mediation and agreed to a handwritten settlement splitting the properties so that each of them would receive a full

interest in one. The handwritten settlement included additional provisions, one of which was that Sister and Brother would execute a more definitive settlement agreement within seven days. That deadline passed without further agreement. Brother then moved to enforce the handwritten settlement agreement due to Sister's noncompliance.

{¶3} The trial court held a hearing on Brother's motion to enforce. As a result of the hearing, the parties executed a definitive settlement agreement on January 4, 2017. They agreed to transfer terms for the properties. They also agreed to the dismissal of the lawsuit with prejudice. The agreement contained a mutual release regarding any claims that could or should have been raised in the lawsuit. The agreement bound Brother and Sister as well as their agents, personal representatives, assigns, assignors, parents, subsidiaries, affiliates, related entities, successors, transferees, shareholders, directors, officers, owners, members, managers, and employees.

{¶4} Within one month of the execution of the definitive settlement agreement, Brother moved to enforce it due to Sister's noncompliance. He requested damages, sanctions, and attorney fees. A magistrate held a hearing on his motion wherein both parties presented evidence. The magistrate found Sister had breached the definitive settlement agreement. The magistrate ordered her to pay damages, including the bank fees, bank legal fees, and attorney fees that Brother had incurred due to her breach. Both parties objected to the magistrate's decision. The trial court modified the damage award the magistrate ordered but otherwise entered a judgment consistent with the magistrate's decision.

{¶5} Sister appealed from the trial court's decision, and Brother filed a cross-appeal. This Court rejected their arguments and affirmed the judgment of the trial court. *Niederst v. Niederst*, 2018-Ohio-5320 (9th Dist.). Following our decision, Sister paid the damages awarded to Brother, and both parties filed satisfactions of judgment.

{¶6} In 2020, Sister and Wynn Investments, LLC, sued Brother and Niederst Portage Towers, LLC. The lawsuit set forth claims for breach of contract, fraud in the inducement, promissory estoppel, unjust enrichment, and conversion. Brother moved to dismiss the complaint based on the settlement agreement and the prior decisions of the trial court and this Court. Before the trial court could rule on his motion, Sister voluntarily dismissed the lawsuit.

{¶7} In 2022, Sister, et al. filed the instant action against Brother, et al. The complaint asserted the following claims: breach of the settlement agreement, fraud in the inducement, breach of fiduciary duty and fraud, unjust enrichment, and conversion. The gist of the complaint was that Brother had engaged in fraudulent and deceitful behavior since the mid-2000s, with the aim of reaping a personal financial benefit and diminishing Sister's savings and assets until, finally, she was forced to enter into an unfavorable settlement agreement. Brother, et al., answered the complaint and raised numerous affirmative defenses. Additionally, Brother, et al., counterclaimed for breach of the settlement agreement, abuse of process, malicious prosecution, injunctive relief, and fraudulent tax filing/mailing. Both parties sought compensatory damages, punitive damages, injunctive relief, attorney fees, costs, and expenses.

{¶8} Brother, et al. moved for summary judgment on each of the claims in the complaint as well as on the counterclaims for breach of the settlement and injunction. Sister, et al. filed a brief in opposition. Upon review, the trial court awarded Brother, et al. summary judgment on each of Sister, et al.'s claims but denied summary judgment on the counterclaims. The counterclaims were set for trial. Before the trial occurred, Brother, et al. dismissed the counterclaim for abuse of process. Brother, et al. also dismissed all counterclaims against Gaye Niederst.

{¶9} At trial, the trial court dismissed Brother, et al.'s counterclaims for abuse of process, malicious prosecution, and fraudulent tax filing/mailing. A jury found in favor of Brother, et al. regarding the counterclaim for breach of the settlement agreement. The jury awarded $21,749 in compensatory damages and found Brother, et al. were entitled to reasonable attorney fees. Brother, et al. filed a brief in support of an award of attorney fees, costs, and expenses. Brother, et al. also filed a brief in support of a permanent injunction against Sister, et al. The trial court assigned the matter to a magistrate.

{¶10} The magistrate conducted a hearing and determined that Brother, et al. were entitled to the following awards: (1) $119,092.74 in attorney fees, and (2) $0 in costs apart from the costs the clerk of courts would assess at the conclusion of the litigation. The magistrate denied Brother, et al.'s request for injunctive relief and, pursuant to that determination, dismissed the counterclaim for injunctive relief.

{¶11} Brother, et al. filed objections to the magistrate's decision along with a transcript of the fee hearing. The trial court determined that the magistrate's decision contained a calculation error and returned the matter to the magistrate for a corrective decision. On further review, the magistrate increased the award of attorney fees to $152,948.63 and maintained the award of costs. Both parties objected to the magistrate's corrective decision.

{¶12} The trial court overruled the objections to the magistrate's corrective decision. The court noted that, after the magistrate had conducted the evidentiary hearing on attorney fees, Brother, et al. had filed a supplemental motion for fees and costs based on expenses incurred at the hearing. The trial court awarded those supplemental fees and costs to Brother, et al. in the amounts of $2,583.00 (attorney fees) and $2,112.50 (costs). Consequently, the trial court entered judgments in favor of Brother, et al. for $21,749 in compensatory damages, $155,531.63 in

attorney fees (the amount awarded by the magistrate plus the supplemental fee award), and $2,112.50 in costs. Sister, et al. appealed from the trial court's judgment, and Brother, et al. filed a cross-appeal.

{¶13} Sister, et al. moved to stay the execution of the trial court's judgment pending appeal. In doing so, Sister, et al. asked the trial court not to require the posting of a supersedeas bond. The trial court denied that aspect of her request and granted the motion to stay contingent upon the posting of a supersedeas bond. Sister, et al. never filed that bond. Instead, Sister, et al. issued a check to Brother, et al. for the purpose of satisfying the judgment against Sister, et al. so that Brother, et al. would release pending judgment liens.

{¶14} Sister, et al.'s appeal is now before this Court. She raises one assignment of error for review. Additionally, Brother, et al. raises four assignments of error for review by way of a cross-appeal. For ease of analysis, we rearrange and consolidate several of Brother, et al.'s assignments of error.

II.

{¶15} Before turning to the merits, this Court pauses to consider the question of mootness. After Sister, et al. issued Brother, et al. a check for the purpose of satisfying the judgment against them, Brother, et al. moved to dismiss Sister, et al.'s appeal as moot. Sister, et al. filed a brief in opposition to the motion to dismiss and moved to dismiss the cross-appeal as moot. Brother, et al. then filed a brief in opposition to the motion to dismiss the cross-appeal.

{¶16} Both parties included exhibits in their respective motions to dismiss. One of those exhibits was a copy of an email from Brother, et al.'s attorney to Sister, et al.'s attorney. The email indicated that Brother, et al.'s attorney was depositing Sister et al.'s check into his firm's IOLTA account "under a full reservation of rights and without any waiver of [Brother, et al.'s] rights on

the cross appeal." The email also indicated that Sister, et al.'s interest calculation on the check was incorrect and that Brother, et al. was "disput[ing] the notation on the check that states satisfaction of judgment." The email indicated that Brother, et al. would release any judgment liens and bank attachments against Sister, et al. once the check cleared but was doing so "under a full reservation of rights."

**{¶17}** This Court denied the parties' respective motions to dismiss but cautioned that we might revisit the issue of mootness on final disposition. The parties then filed their briefs and included arguments regarding mootness. Brother, et al. argues that Sister, et al.'s check mooted the appeal but not the cross-appeal. Sister, et al. argues that the check either had no effect on the appeal or mooted both the appeal and the cross-appeal.

**{¶18}** "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). Yet, the foregoing rule of law only applies if a judgment is voluntarily paid *and satisfied*. *Id.* A partial satisfaction taken under a reservation of rights can preserve issues for appeal. *See Staunton v. Home Bldg. & Sav. Co.*, 140 Ohio St. 121 (1942), paragraph one of the syllabus; *Janis v. Janis*, 2011-Ohio-3731, ¶ 28-29 (2d Dist.); *Betleyoun v. Indus. Comm. of Ohio*, 31 Ohio App. 53 (9th Dist. 1927) (appellant's acceptance of money judgment due did not prohibit him from pursing argument that he was entitled to a greater sum of money). *See also Seifert v. Burroughs*, 38 Ohio St.3d 108, 110 (1988) (appeal may proceed if appellant does not receive full compensation for all injuries).

**{¶19}** Upon review, this Court cannot conclude that a full satisfaction of judgment occurred in this matter. Sister, et al. could have posted a bond to secure a stay rather than issuing a check to Brother, et al. with the intention of satisfying the judgment. Had Brother, et al. simply

accepted the check without condition, satisfaction of that judgment would have occurred. Yet, Brother, et al. did not do so. Brother, et al.'s attorney specifically rejected the satisfaction of judgment notation on the check and did not file any satisfaction of judgment. The attorney placed the funds from the check in his firm's IOLTA account without distributing them to Brother, et al. Moreover, the attorney notified Sister, et al. that the payment amount was incorrect and that Brother, et al. was accepting the check under a full reservation of rights. Although Brother, et al. maintain that Sister, et al.'s appeal is moot because a satisfaction of judgment occurred, Brother, et al.'s own actions cut against that conclusion. Because a live controversy remains, this Court will conduct a merits review.

SISTER, ET AL.'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DISMISSED ALL OF APPELLANTS' CLAIMS.

{¶20} In their sole assignment of error, Sister, et al. argue the trial court erred when it awarded summary judgment to Brother, et al. on Sister, et al.'s claims. For the following reasons, we overrule Sister, et al.'s assignment of error.

{¶21} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶22} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *See id.*; *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114 (1988). Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996); *Mitseff* at 115 ("Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party."). If the nonmoving party fails to respond with a supporting "affidavit or as otherwise provided in [Civ.R. 56]," then "summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E); *Dresher* at 293; *Mitseff* at 115.

{¶23} Sister, et al. brought five claims against Brother, et al.: breach of the settlement agreement, fraud in the inducement, breach of fiduciary duty and fraud, unjust enrichment, and conversion. The trial court found that the claims for breach of the settlement agreement and conversion were barred by res judicata. The court also independently found that all claims other than the one for breach of the settlement were barred by the mutual release contained in the settlement agreement. Additionally, the court rejected several of the claims on other grounds. As to the claim for fraud in the inducement, the court found that Sister, et al. (1) should have filed for relief under Civ.R. 60(B) in the 2016 case, and (2) failed to meet their reciprocal burden by

establishing a genuine issue of material fact for trial. As to the claim for breach of fiduciary duty and fraud, the court found the claim was barred by the statute of limitations. As to the claim for unjust enrichment, the court found the claim failed because (1) both parties received a benefit under a written contract, and (2) Sister, et al., did not address the claim in their brief in opposition. As to the claim for conversion, the trial court found Sister, et al. did not meet their reciprocal burden as they failed to address the claim in their brief in opposition.

{¶24} Sister, et al. argue the trial court erred by entering summary judgment against them on their claim of fraud in the inducement because genuine issues of material fact exist for trial. They also argue that their claims were not barred by res judicata because that doctrine only applies when fraud is absent. Finally, their brief addresses the law of the case doctrine and the tender back rule. Sister, et al.'s brief does not address the trial court's determination that four of her claims were barred by the mutual release in the settlement agreement. Nor does it address any of the additional grounds the trial court cited in rejecting those claims.

{¶25} "To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice." *Princess Kim, LLC v. U.S. Bank, N.A.*, 2015-Ohio-4472, ¶ 18 (9th Dist.). "When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis." *Schutte v. Summit Cty. Sheriff's Office*, 2018-Ohio-2565, ¶ 21 (9th Dist.). Even if the trial court erred for the reasons Sister, et al. claims, Sister, et al. cannot demonstrate prejudice as to four of their claims. That is because Sister, et al. has not challenged the trial court's alternative bases for granting summary judgment to Brother, et al. on those claims. To the extent Sister, et al. argue the trial court erred by entering summary judgment against them on their claims for fraud in the

inducement, breach of fiduciary duty and fraud, unjust enrichment, and conversion, their assignment of error is overruled. *See id. Accord State v. Smith*, 2020-Ohio-474, ¶ 7 (9th Dist.).

{¶26} The trial court relied on res judicata to award summary judgment to Brother, et al. on Sister, et al.'s claim for breach of the settlement. The court found that each potential breach Sister, et al. identified was known or should have been known to them in 2017 when the parties were litigating the breach of the settlement agreement. In their appellate brief, Sister, et al. have not addressed the trial court's rationale. Their analysis consists of a single paragraph. Sister, et al. argue the "core issue" is whether Brother fraudulently induced Sister into executing a settlement agreement. According to Sister, et al., the doctrine of res judicata does not apply when a settlement is reached due to fraud.

{¶27} "The doctrine of res judicata provides that a 'final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction . . . is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" (Alterations in original.) *State ex rel. Johnson v. Bur. of Sentence Computation*, 2020-Ohio-999, ¶ 8, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). Sister, et al. focus on the "without fraud" aspect of the doctrine. Because Brother engaged in fraud to induce Sister to settle, Sister, et al. argue, res judicata is not a bar to their claim. Yet, the settlement agreement itself was not the judgment at the center of the trial court's res judicata determination. A judgment was entered in favor of Brother on his second motion to enforce the settlement. Sister appealed from that judgment, and this Court affirmed it. *See Niederst*, 2018-Ohio-5320 (9th Dist.). That prior judgment was the basis of the trial court's res judicata determination and was not a product of fraud or collusion.

**{¶28}** Sister, et al. has not explained why they could not have raised their breach of the settlement claim when Brother moved to enforce the settlement. They have not addressed the trial court's determination that each potential breach they identified was known or should have been known to them when the parties were litigating Brother's motion. This Court will not construct an argument on their behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Because Sister, et al. has not shown the trial court committed reversible error by awarding summary judgment to Brother, et al., their sole assignment of error is overruled.

BROTHER, ET AL.'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED ON DISMISSING DEFENDANTS' CLAIM OF MALICIOUS PROSECUTION[.]

BROTHER, ET AL.'S ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DISMISSING DEFENDANTS' CLAIM CONVERSION/IDENTITY THEFT/FALSE/IMPROPER TAX FILINGS[.]

**{¶29}** In their third and fourth assignments of error, Brother, et al. argue the trial court erred by dismissing two of their counterclaims at trial. For the following reasons, we reject their argument.

**{¶30}** Pursuant to App.R. 9(A)(1), the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court . . . ." "It is an appellant's burden to ensure that the record is complete on appeal." *Auth v. Indus. Physical Capability Servs., Inc.*, 2017-Ohio-1268, ¶ 15 (9th Dist.), quoting *State v. Vu*, 2012-Ohio-746, ¶ 27 (9th Dist.). "Likewise, '[i]t is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court.'" *Auth* at ¶ 15, quoting *Swedlow v. Riegler*, 2013-Ohio-5562, ¶ 14 (9th Dist.), quoting *Shumate v. Shumate*, 2010-Ohio-5062, ¶ 6

(9th Dist.); App.R. 9(B). "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *Auth* at ¶ 15, quoting *King v. Carleton*, 2013-Ohio-5781, ¶ 30 (9th Dist.).

{¶31} Brother, et al. argue the trial court erred when it dismissed two of their counterclaims at trial. According to Brother, et al., they presented sufficient evidence to allow those counterclaims to be submitted to the jury. Upon review, however, the record does not contain a transcript of the trial proceedings. It was Brother et al.'s burden as cross-appellant to ensure the record contained the items necessary to review their assignments of error. *See Auth* at ¶ 15. Absent a transcript, this Court is unable to determine whether the trial court erred by dismissing Brother, et al.'s counterclaims and has no choice but to presume regularity in the proceedings. *See id.* Brother, et al.'s third and fourth assignments of error are overruled on that basis.

BROTHER, ET AL.'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO GRANT INJUNCTIVE RELIEF[.]

{¶32} In their second assignment of error, Brother, et al. argue the trial court erred by denying their request for injunctive relief. Upon review, this Court rejects their argument.

{¶33} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). "The grant or denial of an injunction is within the trial court's discretion and will not be disturbed by a reviewing court absent an abuse of that discretion." *Heron Point Condominium Unit Owner's Assn. v. E.R. Miller, Ltd.*, 2012-Ohio-2171, ¶ 15 (9th Dist.). An abuse of discretion "implies that the court's attitude is

unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶34} The magistrate reviewed oral and written arguments regarding Brother, et al.'s request for a permanent injunction. The magistrate found Brother, et al. failed to prove, by clear and convincing evidence, that (1) they would suffer irreparable harm without an injunction, (2) no third parties would be unjustifiably harmed if an injunction were to issue, and (3) it would be in the public interest to grant an injunction. The magistrate noted that the settlement agreement had already been publicized, and thus, was no longer confidential. Further, the magistrate found that Brother, et al. had failed to propose injunctive language that would not offend the First Amendment. For the foregoing reasons, the magistrate denied injunctive relief.

{¶35} Brother, et al. filed objections to the magistrate's decision. They argued that Sister, et al. had waived any First Amendment protections by executing the settlement agreement, which contained both confidentiality and non-disparagement provisions. Brother, et al. argued that they were entitled to an injunction that would prohibit Sister, et al. from making further disparaging comments, continuing to violate the settlement's confidentiality provision, or filing further suits against them for any claims predating the 2022 lawsuit. Without an injunction, Brother et al. insisted Sister, et al. would continue to breach the settlement agreement, file frivolous suits, and ignore prior judgments. They argued the court could "tailor the injunction to what it deems appropriate . . . ."

{¶36} Upon review of the objections, the trial court found that Brother, et al. had not addressed the magistrate's reasoning for denying injunctive relief. Brother, et al. did not address the magistrate's determination that they had failed to prove (1) they would suffer irreparable harm without an injunction, (2) no third parties would be unjustifiably harmed by an injunction, and (3)

an injunction would be in the public interest. Nor did they address the magistrate's determination that they had failed to propose any appropriate language for an injunction. The trial court found that Brother, et al. had focused entirely on Sister, et al.'s ability to waive constitutional rights through a valid settlement agreement. Because Brother, et al. "[did] not address any of the Magistrate's actual reasoning for denying the injunction[,]" the court overruled their objections and entered judgment on the magistrate's decision.

{¶37} Brother, et al. argue the trial court erred by denying their request for injunctive relief because the settlement agreement contained confidentiality and non-disparagement provisions. They argue that Sister, et al. waived any First Amendment protections by agreeing to those provisions. They also point to Section 18 of the settlement agreement, arguing that it expressly provided for injunctive relief in the event of a breach of the agreement. Brother, et al. insist they will suffer irreparable harm if Sister, et al. is not enjoined from continuing to disparage them and file frivolous lawsuits.

{¶38} To the extent Brother, et al. rely on Section 18 of the settlement agreement, the record reflects that they did not object to the magistrate's decision on that basis. "It is well settled that the failure to specifically raise an argument in an objection to a magistrate's decision results in forfeiture of that argument on appeal." *Kirkland Fin., LLC v. Firestone*, 2024-Ohio-433, ¶ 18 (9th Dist.). "Furthermore, when a party fails to set forth a plain error argument in their merit brief, this Court will not create a plain error argument on their behalf." *Id.* Because Brother, et al. forfeited their argument about Section 18 for appeal and have not argued plain error, this Court will not address it.

{¶39} As noted, the trial court overruled Brother, et al.'s objections to the magistrate's decision because it found that they had not addressed all aspects of that decision and had not

proposed any language for a suitable injunction. Brother, et al. have not addressed the trial court's findings. They have not argued that they did, in fact, challenge all aspects of the magistrate's decision. Nor have they pointed to any place in the record where they did, in fact, propose language for a suitable injunction. This Court will not construct arguments on their behalf. *See* App.R. 16(A)(7); *Cardone*, 1998 WL 224934, at *8 (9th Dist.). The decision whether to grant an injunction lies in the sound discretion of the trial court, and this Court must adhere to that deferential standard. *See Heron Point Condominium Unit Owner's Assn.*, 2012-Ohio-2171, at ¶ 15 (9th Dist.). Because Brother, et al. have not shown that the trial court abused its discretion in overruling their objections and entering judgment on the magistrate's decision, their second assignment of error is overruled.

BROTHER, ET AL.'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO AWARD DEFENDANTS ALL ATTORNEYS' FEES AND COSTS[.]

**{¶40}** In their first assignment of error, Brother, et al. argue the trial court erred in its award of attorney fees and costs. For the following reasons, this Court rejects their argument.

**{¶41}** As previously noted, "[i]t is an appellant's burden to ensure that the record is complete on appeal." *Auth*, 2017-Ohio-1268, at ¶ 15 (9th Dist.), quoting *Vu*, 2012-Ohio-746, at ¶ 27 (9th Dist.). "Likewise, '[i]t is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court.'" *Auth* at ¶ 15, quoting *Swedlow*, 2013-Ohio-5562, at ¶ 14 (9th Dist.), quoting *Shumate*, 2010-Ohio-5062, at ¶ 6 (9th Dist.); App.R. 9(B). "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *Auth* at ¶ 15, quoting *King*, 2013-Ohio-5781, at ¶ 30 (9th Dist.).

**{¶42}** Brother, et al. presented evidence regarding their attorney fees and costs at a hearing before a magistrate. Following the hearing, the magistrate issued a decision. The decision was

premised on the magistrate's initial finding that Brother, et al. were seeking $171,516.98 in attorney fees. Brother, et al. objected to that finding and noted that both their exhibits and testimony reflected a request for $226,041.94 in attorney fees and costs "plus trailing fees for June, July and August in the amount of $11,812.68 for a total of $237,854.62." The trial court sustained their objection to the magistrate's decision based on a calculation error and ordered the magistrate to issue a corrective decision.

{¶43} The magistrate's corrective decision was premised on the magistrate's initial finding that Brother, et al. were seeking $219,882.54 in attorney fees. The magistrate determined that the invoices Brother, et al. had submitted related to three different lawsuits: the instant suit, the prior lawsuit Sister had filed in 2020, and a third lawsuit involving Sister's accountant. The magistrate found it appropriate to only award Brother, et al. a percentage of the fees they had requested, given that they had failed to prove all their invoiced fees were incurred in the instant suit as a natural and probable result of Sister, et al.'s breach of the settlement agreement. The magistrate ultimately awarded Brother, et al. $152,948.63 in attorney fees and $0 in costs. The magistrate declined to award costs because Brother, et al. had failed to prove that the costs listed in the fee invoices and bills related to the instant suit.

{¶44} Brother, et al. objected to the magistrate's corrective decision and once again challenged the magistrate's calculations. The trial court overruled the objections, finding that they lacked specificity and were not supported by citations to evidence introduced at the hearing. As to the issue of fees and costs, the trial court found that Brother, et al. had made no attempt to address the magistrate's specific calculations or otherwise indicate where they believed a mathematical error in those calculations had occurred. The trial court entered judgment in accordance with the magistrate's decision.

**{¶45}** Brother, et al. argue the trial court erred by failing to award them the full amount of attorney fees and costs they sought, which was $237,854.62. They argue that the express language of the settlement agreement authorized an award of all damages, expenses, attorney fees, and costs incurred in enforcing the agreement in the event of a breach. According to Brother, et al., the trial court used the wrong amount of fees despite them being "clearly proven at the hearing by the bills, testimony and expert testimony." Further, Brother, et al., argue, the trial court wrongly disregarded the evidence of costs they provided, which were "in Singerman Mills bills and broken out into separate line-item categories."

**{¶46}** Upon review, the record does not contain any of the bills Brother, et al. introduced at the hearing before the magistrate. One month after the hearing, Brother, et al. filed a notice of filing transcript. The filing contained the transcript of the hearing before the magistrate. The transcript indicates that Brother, et al. introduced four exhibits at the hearing: (1) 6/1/23 Stephen D. Dodd CV and report; (2) 6/13/23 SMDK Invoice 102379; (3) 8/1/23 SMDK Invoice 0; and (4) Settlement Agreement and Mutual Release. It is unclear which of those exhibits, if any, included the line-item bills that Brother, et al. reference. None of the exhibits were included in the notice of filing transcript or otherwise filed. Brother, et al. later attached an exhibit to their objections to the magistrate's corrective decision. That exhibit, labeled Exhibit 1, was a CV and report from Stephen D. Dodd. It included a single page with a list of invoice numbers and the totals billed on those invoices. However, it did not include any of the individual, line-item bills linked to those invoices.

**{¶47}** It is unclear to this Court whether the itemized bills were available to the trial court when it reviewed the objections to the magistrate's decision. If they were not, this Court would be unable to consider them in deciding Brother, et al.'s cross-appeal. *See State v. Ishmail*, 54 Ohio

St.2d 402 (1978), paragraph one of the syllabus. In any event, the bills have not been included in the record on appeal. As the cross-appellant, it was Brother, et al.'s burden to ensure the record contained all items necessary to review their assignment of error. *See Auth*, 2017-Ohio-1268, at ¶ 15 (9th Dist.). Without all the evidence introduced at the hearing before the magistrate, this Court is unable to determine whether the trial court erred by entering judgment on the magistrate's decision and has no choice but to presume regularity in the proceedings. *See id.* Accordingly, Brother, et al.'s first assignment of error is overruled.

### III.

{¶48} Sister, et al.'s sole assignment of error is overruled. Additionally, Brother, et al.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN F. BURKE, III, Attorney at Law, for Appellants/Cross-Appellees.

MICHAEL STAVNICKY, Attorney at Law, for Appellees/Cross-Appellants.