[Cite as *State ex rel. Restivo v. Avon*, 2025-Ohio-594.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO, ex rel. PETER
RESTIVO, et al.

     Appellants

     v.

CITY OF AVON, et al.

     Appellees

C.A. No.     23CA012035

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     23CV209370

DECISION AND JOURNAL ENTRY

Dated: February 24, 2025

STEVENSON, Presiding Judge.

**{¶1}** Appellants Peter Restivo, Brandon Vaverka, Hilliard Partnership LLC, and Stop Avon Flooding Everywhere (SAFE) LLC (collectively "Restivo"), appeal from a judgment of the Lorain County Court of Common Pleas granting the motions to dismiss filed by Appellees City of Avon, Avon City Council, and the individual council members (collectively "the City"), and Appellee Carnegie Residential Development Corporation ("CRDC"). We dismiss this appeal as moot.

I.

**{¶2}** Restivo filed a complaint against the City and CRDC on June 26, 2023. The allegations in the complaint pertain to Red Tail Subdivision No. 17 ("Red Tail No. 17"), which consists of multiple single family residential lots located in the City of Avon. CRDC owns the land and is the developer of Red Tail No. 17. Restivo challenges the Comprehensive Stormwater Management Plan ("CSWMP") contained within the final plat for Red Tail No. 17.

{¶3}   In count one of its complaint, Restivo seeks a declaratory judgment that Red Tail No. 17 and its CSWMP do not qualify as exemptions and fail to comply with Avon Codified Ordinances.   Restivo seeks in count two an injunction preventing the acceptance of any improvements to Red Tail No. 17 and revoking the City's final plat approval. Restivo lastly asserts a taxpayers' relief claim. Restivo asserts in count three that it brought its action on behalf of all residents and "in furtherance of the public interests indicated by Cod. Ord. 133-16."

{¶4}   The City and CRDC moved to dismiss Restivo's complaint pursuant to Civ.R. 12(B)(6).  They argued in their motions that Restivo failed to exhaust administrative remedies, lacked standing to pursue a statutory taxpayer action, and that, because Restivo could not prevail on the underlying claims, there was no entitlement to the requested injunctive relief. Restivo responded in opposition.

{¶5}   The trial court granted the City and CRDC's motions to dismiss. The trial court found that dismissal was appropriate because Restivo "fail[ed] to exhaust administrative remedies" and is "not entitled to injunctive relief."  In denying injunctive relief, the trial court noted that "[t]he City considered the final plat and approved it[]" and it found that, "[b]alancing the interests of others and the potential injury to the enjoined parties compared to the injury claimed by [Restivo]," the requested injunctive relief could not be granted.  The trial court also dismissed Restivo's taxpayer action, finding that the "fear of flooding and storm water damage[] does not affect all taxpayers of Avon, but only those whose property lies within certain areas[.] . . ."

{¶6}   Restivo appeals the trial court's judgment granting the City and CRMC's motions to dismiss, asserting twelve assignments of error for review. Before this Court can reach the merits of the case, we must consider the City and CRMC's argument that this appeal is moot.

## III.

**{¶7}** The Ohio Supreme Court established long ago that "[i]t is not the duty of the court to answer moot questions [.] . . ." *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. The Court addressed in *Miner* the issue of when a matter become moot, stating:

> 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when[] . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.'

*Id.*, at 238-239, quoting *Mills v. Green*, 159 U.S. 651, 653 (1895); *see also Frank Novak & Sons, Inc. v. Avon Lake Bd. of Edn.*, 2001 WL 1545505, *1 (9th Dist. Dec. 5, 2001). Hence, "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (Internal citations and quotations omitted.) *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10.

**{¶8}** Restivo maintains that Red Tail No. 17 and its CSWMP fail to comply with Avon's codified ordinances and it seeks to revoke the City's final plat approval. The City approved the final plat on September 6, 2022. Restivo did not seek a stay or otherwise appeal the final plat approval.

**{¶9}** Once the final plat was approved, CRDC posted a bond and completed numerous public improvements on Red Tail No. 17. CRDC constructed streets, sidewalks, and infrastructure utilities. CRDC completed construction of the public improvements in June 2023 at a cost of over one million dollars. Avon City Council voted unanimously to accept the public improvements on August 14, 2023, resulting in the City taking ownership of the public improvements. At no time during CRDC's construction did Restivo appeal or seek to stop the construction.

{¶10} The Ohio Supreme Court has established that, if the plaintiff "[i]n a construction-related case[] . . . fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, the . . . action will be dismissed as moot." *State ex rel. Gaylor*, 2010-Ohio-1844, at ¶ 11; *see also Schuster v. City of Avon Lake*, 2003-Ohio-6587, ¶ 8 (9th Dist.) (appeal and request for injunctive relief moot where movant did not obtain a stay of execution and construction commenced); *Poulson v. Wooster City Planning Comm.,* 2005-Ohio-2976, ¶8-9 (9th Dist.) (appeal moot where plaintiffs never sought a stay of execution to prohibit construction and construction was completed); *Neighbors for Responsible Land Use v. Akron*, 2006-Ohio-6966, ¶ 6 (9th Dist.) ("if a party fails to obtain a stay of execution before construction commences, the case is moot"); *Frank Novak & Sons, Inc.*, 2001 WL 1545505, *2 (9th Dist.) (request for injunctive relief rendered moot where movant did not obtain a stay of execution and contract was awarded to another bidder). *Poulson* is similar to the facts in this case.

{¶11} The plaintiffs in *Poulson* filed an administrative appeal from the decision of the city commission approving a subdivision plat. *Poulson* at ¶ 2. The city commission moved to dismiss the appeal arguing that, because construction was completed, the appeal was moot. *Id.* The trial court agreed and this Court affirmed that judgment.

{¶12} This Court noted in *Poulson* that "in cases such as this, 'where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot.'" *Poulson* at ¶ 7, quoting *Schuster* at ¶ 8. As in this case, the plaintiffs "never sought a stay of execution to prohibit construction of the disputed property[]" and the construction was completed. *Id.* at ¶ 8. This Court accordingly concluded "that the trial court did not err when it dismissed Appellants'

appeal as moot." *Id.* at ¶ 9. In this case, Restivo failed to seek a stay of execution to prohibit construction.

{¶13}  Once the City approved the final plat, CRDC posted bond and completed construction.  Again, Restivo did not seek a stay to prohibit construction.   Accordingly, we conclude that the issues in this appeal are moot.

{¶14}  The Supreme Court of Ohio has recognized two exceptions to the mootness doctrine. *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989). First, "[a] case is not moot if the issues are capable of repetition, yet evading review." (Internal quotations and citation omitted.) *Id.* at 14.  Second, a case is not moot if it "involves a matter of public or great general interest[.]" *Id.* Restivo does not argue that either exception applies in this case and we will not construct such an argument on its behalf. *See Neiderst v. Neiderst*, 2024-Ohio-5297, ¶ 28 (9th Dist.), citing App.R. 16(A)(7). Rather, Restivo argued at oral argument that the case is not moot because the CSWMP creates a public nuisance. Restivo argued in its response to the motion to dismiss that various statutes give the court the authority to vacate the plat. These arguments, however, are merely attempts to overturn the City's decision to approve the plat and revoke the acceptance of the improvements. The time to challenge those City actions has passed. Accordingly, this action is moot.

III.

{¶15}  Based on the foregoing, we conclude that the issues raised in this appeal are moot and we dismiss the appeal on this basis.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

GERALD W. PHILLIPS, Attorney at Law, for Appellants.

MATTHEW A. DOOLEY and STEPHAN M. BOSAK, Attorneys at Law, for Appellee.

JOHN P. SLAGER, ANTHONY R. VACANTI, and LINDSEY E. SACHER, Attorneys at Law, for Appellee.

KREIG BRUSNAHAN, Attorney at Law, for Appellee.

JOHN GASIOR, Attorney at Law, for Appellees.