[Cite as *In re S.F.*, 2025-Ohio-1970.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:

    S.F,

ALLEGED ABUSED
AND DEPENDENT CHILD.

[KELLY F. - APPELLANT]
[STEVEN F. - APPELLANT]

**CASE NO. 8-24-09**

**OPINION AND
JUDGMENT ENTRY**

Appeal from Logan County Common Pleas Court
Juvenile Division
Trial Court No. 23-CS-0033 B

Appeal Dismissed

Date of Decision:  June 2, 2025

APPEARANCES:

    *Royce A. Link* for Appellant, Kelly F.

    *Collin Thomas* for Appellant, Steven F.

    *Samantha L. Blosser* for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellants Steven F. ("Father") and Kelly F. ("Mother") bring this appeal from the judgment of the Court of Common Pleas of Logan County, Juvenile Division finding S.F. to be a dependent and abused child. On appeal, they each claim that the trial court erred in making this finding. For the reasons set forth below, the appeal is dismissed.

{¶2} S.F. was born to Mother and Father in May 2010. On September 21, 2023, Logan County Children's Services ("the Agency") filed a complaint alleging that S.F. was a dependent child and had been sexually abused by Father. The trial court issued temporary orders allowing S.F. to remain in the home with Mother, but barred Father from the home. The trial court held an adjudication hearing on December 19, 2023. The trial court then ruled that S.F. was a dependent and abused child based upon the alleged actions of Father.[1] Father then requested findings of fact and conclusions of law, which were not completed at that time. On January 18, 2024, the trial court held a dispositional hearing designating Mother as the legal custodian of the children and ordering that Father have no contact. The Agency was granted protective supervision over S.F. Both Mother and Father appealed from the

---

[1] No evidence was presented and no allegations were made that Mother was aware of Father's actions prior to the disclosure by S.F.'s older sibling. The evidence was undisputed that Mother was the one to inform the authorities about the alleged abuse, was cooperative with the investigators, and had allowed no contact between Father and S.F.

judgment.[2]  In November of 2024, this Court stayed the proceedings and remanded the matter for findings of fact and conclusions of law as requested by Father prior to appeal.  This matter is now back before this Court after the required findings of fact and conclusions of law were made.

{¶3} On appeal, Father and Mother raise the following assignments of error.

### Father's First Assignment of Error

**The trial court's determination that [S.F. was an abused and dependent child] was not demonstrated by clear and convincing evidence and was against the manifest weight of the evidence.**

### Father's Second Assignment of Error

**The trial court erred as a matter of law by failing to make findings of fact and conclusions of law in accordance with [R.C. 2151.28(L)].**

### Father's Third Assignment of Error

**The trial court committed an error in the exercise of its jurisdiction by not holding the adjudication hearing within thirty (30) days following the filing of the complaint and failing to hold the dispositional hearing within ninety (90) days after the complaint was filed.**

### Mother's First Assignment of Error[3]

**The trial court's determination that S.F. was an abused and dependent child was not supported by sufficient evidence and was against the manifest weight of the evidence.**

---

[2] S.F. has an older sibling, C.F., who turned 18 prior to the conclusion of this appeal.  As the record did not show that the trial court extended its jurisdiction regarding C.F., that appeal was dismissed as moot.  *In re C.F.*, No. 8-24-08 (3d Dist. May 12, 2025).

[3] Mother's brief originally listed four assignments of error, but only three apply to this case and will be addressed.

**Mother's Second Assignment of Error**

**The trial court erred by not holding the adjudication hearing within 30 days following the filing of the complaint; and not holding the dispositional hearing within 90 days after the complaint was filed.**

**Mother's Third Assignment of Error**

**The trial court erred as a matter of law by failing to make findings of fact and conclusions of law in accordance with R.C. 2151.28(L).**

{¶4} Initially, this Court notes that the Agency was not awarded custody of S.F., but only protective supervision. The trial court stated that "[the Agency] is hereby granted Court-Ordered Protective Supervision of [S.F.] commencing January 18, 2024, and terminating September 21, 2024, unless terminated prior to said date by Court Order. In order to continue protective supervision, the trial court would be required to grant an extension by September 21, 2024 (one year after the complaint filed). R.C. 2151.53(G). The trial court could then grant up to two six-month extensions, meaning that another extension would need to be granted by March 31, 2025. The original record before this court does not indicate that any extensions have been granted in this case nor have any supplements been made to the record to indicate such. Thus, based on the record before this court, the order of protective supervision terminated on September 21, 2024, and is no longer applicable to this case.

{**¶5**} As there is no record that protective supervision has continued, the question of whether S.F. is a dependent and abused child for the purpose of allowing the Agency to have protective supervision over S.F. is rendered moot.  The effect of mootness on a judicial matter is well settled law in Ohio.  *In re A.B.*, 2017-Ohio-4344 (9th Dist.).

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.  It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.  And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

*Miner v. Witt*, 82 Ohio St.237, 238-239 (1910) quoting *Mills v. Green*, 159 U.S. 651, 653 (1895).  *See also State ex rel. Restivo v. Avon*, 2025-Ohio-594 (9th Dist.).  The termination of the protective supervision by the expiration of such supervision concludes the matter leaving no justiciable issue as to S.F.  Thus, this Court must dismiss the appeal as moot.

{**¶6**} The appeal is dismissed as moot.

***Appeal Dismissed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 8-24-09

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
John R. Willamowski, Judge

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

DATED:
/hls